UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cr-80037-Cannon/Reinhart

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)



FILED BY SW D.C.

MAR 06 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

UNITED STATES OF AMERICA,

vs.

KYLE CHARLES YOUNG,

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### The Paycheck Protection Program

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted on March 27, 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19

pandemic. One source of relief provided by the CARES ACT was the authorization of forgivable loans to small businesses for payroll, mortgage interest, rent/lease, utilities, through a program referred to as the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized additional PPP funding.

4. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expenses items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

5. The types of businesses eligible for a PPP loan under the CARES Act included sole proprietorships. For the period from February 15, 2020 through June 30, 2020, sole proprietorships were eligible to receive a maximum PPP loan of up to $20,833 to cover lost income. In order to obtain a PPP loan, the qualifying sole proprietorship submitted a PPP loan application (SBA Form 2483). The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In addition, the sole proprietor had to report an document the sole proprietorship's income and expenses, as typically reported to the Internal Revenue Service of Form 1040, Schedule C. The lending institution used this report and documentation to calculate the amount of money the applicant was entitled to receive under the PPP.

6. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds. While

a participating lender issued the PPP loan, the loan was fully guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by a wire transfer by the lender to the SBA in the course of processing the loan.

### The Defendant and Relevant Entity

7. Defendant **KYLE CHARLES YOUNG** was a resident of Palm Beach, Florida.

8. Foreclosure Defender PL ("Foreclosure Defender") was a Florida corporation with an address listed in Palm Beach, Florida and **KYLE CHARLES YOUNG** was the President of Foreclosure Defender.

9. Navy Federal Credit Union ("NFCU") was a federally financial institution based in Vienna, Virginia.

10. **KYLE CHARLES YOUNG** maintained a bank account at NFCU.

11. SBA Loan Processor 1, was headquartered in Phoenix, Arizona, was an approved SBA lender of PPP loans.

### Wire Fraud
### (U.S.C. § 1343)

In and around April 2021, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### KYLE CHARLES YOUNG,

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in

interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF SCHEME AND ARTIFICE

It was the purpose of the scheme and artifice for the defendant to unjustly enrich himself by submitting a false and fraudulent PPP loan application to SBA Loan Processor 1 – which contained false income and expense information – and then use the subsequent loan proceeds for his own personal benefit.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The matter and means by which the defendant, **KYLE CHARLES YOUNG**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

12. **KYLE CHARLES YOUNG** created false and fraudulent tax documents for Foreclosure Defender.

13. **KYLE CHARLES YOUNG** created false and fraudulent NFCU documents for Foreclosure Defender.

14. **KYLE CHARLES YOUNG** submitted to SBA Processor 1 a loan application on behalf of Foreclosure Defender and sought approximately $20,832 in PPP loans.

15. On the PPP loan application submitted, or caused to be submitted, for Foreclosure Defender, **KYLE CHARLES YOUNG** falsely stated Foreclosure Defender's prior-year income and expenses. In support, **KYLE CHARLES YOUNG** submitted false and fraudulent IRS forms, which purported to document income and expenses for Foreclosure Defender.

16. Having obtained PPP loan proceeds for Foreclosure Defender, **KYLE CHARLES YOUNG** withdrew and transferred the loan proceeds to other personal account in his name.

17. As a result of the false and fraudulent representations made by the Defendant in the PPP loan application submitted as part of this scheme, SBA Loan Processor 1 disbursed PPP loan

4

proceeds to **KYLE C. YOUNG's** NFCU account ending in 1010 and controlled by **KYLE CHARLES YOUNG** in the amount of $20,832.

## USE OF THE WIRES

On April 26, 2021, the Defendant, for the purpose of executing the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, that is, an electronic application from south Florida, to SBA Loan Processor 1, in Arizona, for a PPP loan in the name of Foreclosure Defender, in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **KYLE CHARLES YOUNG**, as an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States of America, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

ROBIN WAUGH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

KYLE CHARLES YOUNG,

_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☑ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **-0-** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)               (Check only one)
   I   ☑ 0 to 5 days              ☐ Petty
   II  ☐ 6 to 10 days             ☐ Minor
   III ☐ 11 to 20 days            ☐ Misdemeanor
   IV  ☐ 21 to 60 days            ☑ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) **No**
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
ROBIN W. WAUGH
Assistant United States Attorney
FL Bar No.     0537837

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: _____ KYLE CHARLES YOUNG _____

**Case No**: Type text here _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** Twenty (20) years' imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** Three (3) years' supervised release
* **Max. Fine:** $250,000

Count #:


* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:


* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| KYLE CHARLES YOUNG, | ) | |
| *Defendant* | ) | |
| | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*