UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80037-AMC

UNITED STATES OF AMERICA

vs.

**KYLE CHARLES YOUNG,**

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (this "Office") and Kyle Charles Young (hereinafter referred to as the "Defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one-count Information, which charge wire fraud, in violation of 18 U.S.C. § 1343.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of

1

other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to two hundred and fifty thousand ($250,000) dollars, or twice the gross loss or gross gain; and must order restitution. Pursuant to 18 USC 3663(a)(3), the defendant agrees that he will make restitution in the amount of one hundred twenty-nine thousand four hundred eighty seven dollars ($129,487). The court may also order forfeiture.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Base Offense Level: That the base offense level is 7, pursuant to Section 2B1.1 (a)(1); and

b. Specific offense Characteristic: That the defendant should receive a 6-level upward adjustment as the loss was more than $40,000 but not greater than $95,000, pursuant to Section 2B1.1(b)(1)(D).

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal

offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation of 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 982(a)(2)(A) and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a. a forfeiture money judgment in the sum of $20,832 in U.S. currency, which sum represents the value the value of any property that constitutes or is derived from proceeds obtained directly or indirectly as a result of the defendant's commission of the offense.

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including

excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: July 14, 2023   By: _____
ROBIN W. WAUGH
ASSISTANT UNITED STATES ATTORNEY

Date: July 14, 2023   By: _____
KRISTY MILITELLO
ASSISTANT FEDERAL PUBLIC DEFENDER
Counsel for Kyle Charles Young, Defendant

Date: July 14, 2023   By: _____
KYLE CHARLES YOUNG
DEFENDANT

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-80037-AMC

UNITED STATES OF AMERICA

vs.

KYLE CHARLES YOUNG,

**Defendant.**
_____/

## STIPULATED FACTUAL BASIS

The United States Attorney's Office for the Southern District of Florida and the Defendant, KYLE CHARLES YOUNG, stipulate to the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to Count 1 of the Information which charge the defendant with wire fraud, in Title 18, United States Code, Section 1343.

I, KYLE CHARLES YOUNG, hereby acknowledges that the Government could prove the following facts beyond a reasonable doubt:

1. Kyle Charles Young, P.L. was a Florida limited liability company with a registered address in Palm Beach, Florida. KYLE CHARLES YOUNG was the managing member of Kyle Charles Young, P.L.

2. Foreclosure Defender, PL., was a Florida limited liability company with a registered address in Palm Beach, Florida. KYLE CHARLES YOUNG was the managing member of Foreclosure Defender, PL.

3. During the period of in and around April 2020 and continuing through in and around April 2021, KYLE CHARLES YOUNG submitted and caused to be submitted several loan

applications under the Economic Injury Disaster Loan (EIDL) Program and the Paycheck protection Program, which were developed under the CARES Act. EIDL program was a U.S. Small Business Administration (SBA) program that existed before the COVID-19 pandemic to provide low-interest financing to eligible small business, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized forgivable loans to qualified businesses and other organizations for job retention and certain other expenses, through the Paycheck Protection Program (PPP). Such businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities.

4. KYLE CHARLES YOUNG submitted or caused to be submitted several fraudulent CARES Act applications in his name or the names of his businesses during the 2020-2021 period. Five PPP loan applications and one EIDL application were approved and funded. The following is a list of three of the loan applications submitted by KYLE CHARLES YOUNG:

    a. On April 7, 2020, KYLE CHARLES YOUNG, submitted or caused to be submitted via wire, in interstate commerce, an EIDL application on behalf of Kyle Charles Young, P.L. with a listed address in Palm Beach, FL, and sought approximately $28,000 in EIDL funds. KYLE CHARLES YOUNG executed the loan agreement and falsely represented the gross revenues of Kyle Charles Young, P.L., during the 12-month period prior to the date of the COVID pandemic. The application was approved and funded by SBA and the funds were disbursed into a JPMorgan Chase account ending in 7306 for which the Defendant is the sole signatory. The government would offer documentary and testimonial evidence, to include witness statements and the entity's bank account, proving that the stated gross revenue was false, including evidence that Kyle Charles Young, P.L. was administratively dissolved in September 2018 and the Defendant's statement that the entity was not operational during the relevant years.

    b. On April 20, 2020, KYLE CHARLES YOUNG, submitted or caused to be submitted via wire, in interstate commerce, a PPP application on behalf of Kyle Charles Young, P.L. with a listed address in Palm Beach, FL. The application sought approximately $18,770 in PPP funds based on reported monthly average payroll of $7,508.00. KYLE CHARLES YOUNG executed the loan agreement. The application was approved and funded through Customers Bank and the funds were disbursed into a JPMorgan Chase account ending in 7306, for which the Defendant is the sole signatory.

The government would offer documentary and testimonial evidence, to include witness statements and the entity's bank account, proving that the stated reported monthly average payroll was false, including evidence that Kyle Charles Young, P.L. was administratively dissolved in September 2018 and the Defendant's statement that the entity was not operational during the relevant years.

c.  On April 26, 2020, KYLE CHARLES YOUNG, submitted or caused to be submitted via wire, in interstate commerce, a PPP application on behalf of Foreclosure Defender PL, with a listed address in Palm Beach, FL. The application sought approximately $20,832 in PPP funds based on reported that the entity was an entity eligible for CARES Act funding, in that, the entity was operational during the COVID pandemic period. KYLE CHARLES YOUNG executed the loan agreement. The application was approved and funded by Prestamos CDFI, LLC, a SBA authorized lender, and the funds were disbursed into a Navy Fed Credit Union bank account ending in 0106, for which the Defendant is the sole signatory. The government would offer documentary and testimonial evidence, to include witness statements and the entity's bank account, proving that the stated reported monthly average payroll was false, including evidence that Foreclosure Defender PL was administratively dissolved in September 2014 and the Defendant's statement that the entity was not operational during the relevant years.

5.  In a post-*Miranda* statement, KYLE CHARLES YOUNG admitted to committing wire fraud, advised that the beneficiary entities had been previously dissolved and not operational, no income was derived from the entities, and that the PPP and EIDL proceeds received were not used as proscribed, but for personal use, including travel and certain medical expenses.

6.  I, KYLE CHARLES YOUNG, am entering a plea of guilty to the Information, which charges an offense of wire fraud, in violation of Title 18, United States Code, Section 1343. I understand and acknowledge that the elements of this offense are as follows:

> The elements of wire fraud are:
> (1) The defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;
> (2) The false pretenses, representations or promises were about a material fact;
> (3) The defendant acted with the intent to defraud; and
> (4) The defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

I, KYLE CHARLES YOUNG, admit that the statements contained in this factual proffer are true and correct. I further acknowledge that I have reviewed this factual proffer with my attorney, and I am satisfied with the representation of my attorney in this matter.

Date: 9/7/23   By: _____
KYLE CHARLES YOUNG
DEFENDANT

Date: 9/7/23   _____
KRISTY MILITELLO
ATTORNEY FOR DEFENDANT

ACCEPTED:

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/7/23   By: _____
ROBIN WAUGH
ASSISTANT UNITED STATES ATTORNEY

4